# *EXHIBIT "A"*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------------X
PEDRO FIGUEROA,

                                            Plaintiff(s),

    -against-

HOME DEPOT U.S.A., INC.,

                                          Defendant(s).
------------------------------------------------------------------------------X

Index No.
Date Purchased:

Plaintiff(s) designate(s)
BRONX
County as the place of trial

The basis of the venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff's Residence
1903 Mayflower Avenue
Bronx, NY 10461

To the above named Defendant(s):

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within **20** days after the service of the summons, exclusive of the day of service (or within **30** days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Hauppauge, NY
            October 15, 2020

Defendant's address:

**Home Depot U.S.A., Inc. – 80 State Street, Albany, NY 12207**

Notice: The nature of this action is Personal Injuries
The relief sought:

A sum which exceeds the jurisdictional limits of all lower Courts on each cause of action; together with the costs, disbursements and interest relating to each cause of action;

Upon your failure to appear, judgment will be taken against you by default in an amount which exceeds the jurisdictional limits of all lower Courts, together with the costs, disbursements and interest relating to each cause of action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
PEDRO FIGUEROA,	Index No.

                 Plaintiff(s),

  -against-	**VERIFIED COMPLAINT**

HOME DEPOT U.S.A., INC.,

                 Defendant(s).
------------------------------------------------------------------------X

    Plaintiff, by his attorney, **THE LAW OFFICE OF DINO J. DOMINA,** as and for his Verified Complaint herein, respectfully alleges the following:

    1.    Upon information and belief, at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., was and still is, a foreign business corporation doing business in the State of New York.

    2.    Upon information and belief, at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees owned the premises located at 2560 Bruckner Boulevard, Bronx, NY.

    3.    Upon information and belief, at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees leased the premises located at 2560 Bruckner Boulevard, Bronx, NY.

    4.    Upon information and belief, at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees operated the premises located at 2560 Bruckner Boulevard, Bronx, NY.

    5.    Upon information and belief, at all times hereinafter mentioned, the defendant,

HOME DEPOT U.S.A., INC., its agents, servants and/or employees maintained the premises located at 2560 Bruckner Boulevard, Bronx, NY.

6. Upon information and belief, at all times hereinafter mentioned, the defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees controlled the premises located at 2560 Bruckner Boulevard, Bronx, NY.

7. That on August 15, 2020, while the plaintiff, PEDRO FIGUEROA, was lawfully at the aforementioned premises he was caused to be injured.

8. That as a result of the incident, the plaintiff was caused to sustain serious, severe and permanent personal injuries.

9. The defendant, its agents, servants and/or employees, negligently, recklessly and carelessly committed the following acts and omissions among others: in failing to keep the premises located at 2560 Bruckner Boulevard, Bronx, NY; in a safe condition; in causing and/or permitting an unsafe, dangerous and hazardous condition to exist at the aforementioned premises, which constituted a danger, nuisance, trap and menace to the safety of the plaintiff; in failing to take the necessary steps and measures to protect the life and safety of the plaintiff; in failing to adequately and properly inspect the premises; in failing to adequately and properly maintain the premises; in failing to adequately and properly maintain the premises; in failing to adequately and properly store items on it shelves; in failing to adequately and properly secure items on it shelves; in failing to give warning or notice to the plaintiff of the unsafe, dangerous and hazardous condition existing at the aforementioned premises, all of which, the defendant, its agents, servants and/or employees had actual and constructive notice.

10. That as a result of the aforementioned incident, the plaintiff was caused to suffer

severe and permanent personal injuries, pain suffering, mental anguish, loss of enjoyment of life and disability, all of which required medical care and treatment and will continue in the future, and he was further caused to sustain serious economic damage by reason of loss of employment and income, all of which is expected to continue in the future.

11. That the foregoing accident and the injuries and damages resulting therefrom were caused solely by reason of the careless, reckless and negligent conduct of the defendant, its agents, servants and/or employees, and was in no manner caused by any negligence or carelessness on the part of the plaintiff, PEDRO FIGUEROA.

12. That this action falls within one of the exceptions set forth in CPLR 1602.

**WHEREFORE**, plaintiff demands judgment against the defendant, on each cause of action, in a sum which exceeds the jurisdictional limits of all lower courts; together with the costs, disbursements and interest relating to each cause of action and for such other and further relief as this court may deem just and proper.

Dated: Hauppauge, NY
October 14, 2020

Yours etc.,

_____
BY: DINO J. DOMINA
**THE LAW OFFICE OF DINO J. DOMINA**
Attorney for Plaintiff(s)
888 Veterans Memorial Highway, Suite 410
Hauppauge, NY 11788
(631) 234-9600

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF SUFFOLK    )

I, DINO J. DOMINA, an attorney admitted to practice in the courts of New York State, state that I am the attorney of record for the plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents hereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by PLAINTIFF(S) is that plaintiff is not within the County of SUFFOLK where affirmant has his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: records and information in affirmant's possession.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Hauppauge, NY
       October 14, 2020

_____
**DINO J. DOMINA**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

PEDRO FIGUEROA,                          Index No.

                   Plaintiff(s),

-against-

HOME DEPOT U.S.A., INC.,

                   Defendant(s)

---

**SUMMONS AND VERIFIED COMPLAINT**

---

| | |
|---|---|
| **THE LAW OFFICE OF DINO J. DOMINA** <br> Attorneys for Plaintiff(s) <br> Office & P.O. Address <br> 350 Motor Parkway, Suite 311 <br> Hauppauge, NY 11788 <br> (631) 234-9600 <br><br> By: _____ <br> **DINO J. DOMINA** | TO: <br> Attorney(s) for Defendant(s) <br> Office & P.O. Address <br><br><br><br><br><br> Attorney(s) for Defendant(s) |